UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY WAYNE POLITTE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1323 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before me on the motion of Anthony Politte to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

On May 24, 2004, Politte plead guilty to conspiracy to possess pseudoephedrine. On August 30, 2004, I sentenced Mr. Politte to a period of seventy (70) months incarceration followed by a two year term of supervised release. Mr. Politte did not file a direct appeal of his conviction or sentence.

In his § 2255 petition Mr. Politte contends that his sentence was imposed in violation of his Sixth Amendment right to a trial by jury. Politte seeks relief pursuant to the recent United States Supreme Court ruling in United States v. Booker, 125 S.Ct. 738 (2005). Specifically, Mr. Politte argues that I would have imposed a sentence below the applicable guideline range under the advisory guideline sentencing system set forth in Booker.

Mr. Politte is correct that Justice Breyer's remedial <u>Booker</u> decision removed the mandatory aspects of the Sentencing Guidelines and directed courts to impose reasonable sentences by considering the applicable sentencing guideline range <u>and</u> the sentencing factors set forth by Congress in 18 U.S.C. § 3553(a). <u>Booker</u>, 125 S.Ct. at 743-745.

However, the United States Court of Appeals for the Eighth Circuit has consistently held that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>United States v. Hernandez</u>, ___ F.3d. ___ (2006 WL 240507 8th Cir. 2006) <u>citing</u> <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005). In <u>Never Misses A Shot</u> the Eighth Circuit held that <u>Booker</u> was a new procedural rule and was not of "watershed" importance and it "does not apply to criminal convictions that became final before the rule was announced." <u>Never Misses A Shot v. United States</u>, 413 F.3d 783.

Mr. Politte's conviction was final before <u>Booker</u> was decided. As a result Mr. Politte cannot challenge his sentence under <u>Booker</u> for the first time in a § 2255 petition.

Following established Eighth Circuit precedent Mr. Politte's § 2255 petition must be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994)). I am of the opinion that Anthony Politte has not made such a showing as to the grounds raised in his motion. I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Anthony Politte for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Anthony Politte has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2006.